IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICKERMAN, et al., | No. C 06-02555 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR REMAND** |
| v. | |
| REMCO HYDRAULICS INC., et al., | |
| Defendants. | |

On June 30, 2006, the Court heard oral argument on plaintiffs' motion for remand. At the hearing, defendants requested the opportunity to submit supplemental briefing on the issue of whether defendant Remco Hydraulics, Inc., has insurance policies that might cover the claims alleged in this case. The parties have now submitted extensive supplemental briefing on this issue. After careful consideration of the parties' papers and arguments, the Court hereby DENIES plaintiffs' motion.

**BACKGROUND**

**A.   Procedural History**

Plaintiffs filed suit in Mendocino County Superior Court on December 23, 2004, against Remco Hydraulics, Inc. ("Remco"), M-C Industries, Whitman Corporation, and Pneumo Abex Corporation. Plaintiffs are California and Nevada residents who seek recovery for injuries allegedly suffered as a result of hazardous chemicals disposed at the Remco facility in Willits, California. First Amended Complaint at ¶¶ 1, 2, 12. The complaint alleges negligence, intentional infliction of emotional distress, strict liability nuisance, fraudulent concealment, battery, and trespass. Defendants were never served with plaintiffs' original complaint. *See* Notice of Removal, Ex. A at 2 (Kenfield Decl.). On April 3 and

4, 2006, plaintiffs served Pneumo Abex Corporation and Whitman Corporation with their September 30, 2005, First Amended Complaint. *Id.* On May 11, 2006, plaintiffs attempted to serve Remco via Edward Olson, the former Chairman and Director of Remco. Olson Decl. at ¶ 6.[1]

On April 12, 2006, defendant Pneumo Abex removed the action to this Court on diversity grounds. Defendant Whitman Corporation joined in the removal on April 24, 2006. Pneumo Abex and Whitman contend that Remco, the only California defendant, was fraudulently joined. On April 24, 2006, this Court granted an Order relating this action to *State of California, et al. v. Remco Hydraulics, Inc, et al.*, C 96-283 SI.

**B.     Factual History**[2]

In 1988, Remco was incorporated under the laws of the State of California. Raushenbush Decl. at ¶ 10, Ex. 3. Remco was a wholly-owned subsidiary of a Delaware corporation, M-C Industries. *Id.* at ¶ 11. From 1988 to 1996, Remco operated a manufacturing plant in Willits, California. *Id.*, Ex. 5. In 1995, Remco and M-C Industries filed for Chapter 11 bankruptcy in the Bankruptcy Court for the District of Delaware. *Id.* Pursuant to the bankruptcy court's order on January 10, 1996, Remco and M-C Industries sold substantially all of their assets in June 1996. *Id.* Pursuant to a Final Consent Decree in *People v. Remco*, C 96-283 SI, any remaining assets were transferred to the Willits Environmental Remediation Trust. Olson Decl. at ¶ 4. In *People v. Remco,* Remco's attorney declared "Remco and M-C have no knowledge or information in their possession or control relating to any insurance policies issued to Remco or M-C that would provide coverage for any of the claims asserted against them [in that action]," namely performance of remedial actions and abatement of nuisance conditions. Raushenbush Decl., Ex. 5 at ¶ 7.

After Remco sold and transferred all of its assets, it was unable to generate a plan for

---

[1] Olson resigned as Chairman and Director of Remco on April 16, 1997. The parties dispute whether or not service of process on Remco has been properly effectuated via Olson, a former employee.

[2] Defendants request this Court to take judicial notice of numerous facts related to Remco, M-C Industries, and other lawsuits to which Remco and/or M-C have been parties. Plaintiffs have not opposed the request. The Court finds it appropriate to take judicial notice of these facts, and accordingly GRANTS the request. (Docket No. 26).

2

reorganization. Watson Decl., Ex A at 3 ("Debtors' Motion to Dismiss Chapter 11 Cases"). On February 19,1997, Remco sought dismissal of its Chapter 11 bankruptcy proceedings and declared, "there is no purpose served in preparing or filing a disclosure statement or plan of reorganization, as there is no possibility of any further distributions or payments to creditors in this case." *Id.* The bankruptcy proceedings were dismissed on April 1, 1997. Fritz Decl., Ex. A at 1 (Docket Report).

On August 19, 1998, the California Secretary of State began listing Remco's corporate status as "suspended." Raushenbush Decl. at ¶ 16, Ex. 9. On April 16, 1997, Edward Olson, the Chairman and Director of Remco, resigned. Olson Decl. at ¶ 2. On February 25, 1998, the Delaware Secretary of State began listing M-C Industries' corporate status as "forfeited." Raushenbush Decl. at ¶ 18, Ex. 11. On April 18, 2000, Remco's registered agent for service of process resigned. *Id.* at ¶ 16. According to Remco's former Chairman Olson, "Remco Hydraulics, Inc. does not exist in any factual sense." Olson Decl. at ¶ 5.

## C.     Other Actions

Remco has not appeared in *People v. Remco*, C 96-283 SI since August 22, 1997. Remco has never appeared in *Avila, et al. v. Willits Environmental Remediation Trust, et al.*, C 99-3941 SI, despite having received the Court's permission to serve the California Secretary of State on behalf of Remco. Raushenbush Decl. at ¶ 20. In *Hernandez, et al. v. Remco Hydraulics, et al.*, Case No. SCUK-CVG 83280 (Mendocino County Superior Court), the plaintiffs' counsel in that case (who is also plaintiffs' counsel in this case), Mr. Simpich, admitted that Remco "no longer exist[s]." *Id.*, Ex. 14 at 4 (Court Transcript). After this admission, the plaintiffs in *Hernandez* dismissed Remco from the action on June 11, 2003. *Id.* at ¶ 22, Ex. 15.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in

3

removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

While considering a motion to remand, "[a] district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991)). Joinder is considered fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). There is a presumption against finding fraudulent joinder, and the defendants claiming fraudulent joinder have the burden of persuasion. *Plute*,141 F. Supp. 2d at 1008.

**DISCUSSION**

Plaintiffs contend that Remco is not fraudulently joined because the face of the complaint sufficiently alleges causes of action against Remco. However, defendants do not dispute that plaintiffs have stated a claim against Remco; instead, defendants argue that Remco was improperly joined because as a practical matter Remco no longer exists and thus, regardless of whether plaintiffs can theoretically state a claim against Remco, Remco will never be restored to active status and thus will never appear in this action.

Plaintiffs respond that a suspended corporation can be sued, and that there is a theoretical possibility that Remco will be revived into "active" status. Although plaintiffs are correct that a

suspended corporation can be sued,[3] the Court finds that plaintiffs' arguments about the possibility of Remco's revival fly in the face of reality. As set forth *supra*, Remco has been listed as "suspended" since 1998; Remco has not appeared in *People v. Remco* since August 22, 1997; Remco has never appeared in *Avila v. Willits Environmental Remediation Trust*; and Remco was dismissed in *Hernandez v. Remco Hydraulics* after the plaintiffs' counsel Mr. Simpich acknowledged that Remco "no longer exists." Remco's bankruptcy proceedings, the transfer of all of its assets, and the statement in Edward Olson's declaration that "[a]t the time that I resigned [in 1997], Remco Hydraulics, Inc. had no assets, no financial resources, and no ongoing business," all persuade the Court that it is extremely unlikely that Remco will ever become an active corporation.

Although none of the authorities cited by the parties squarely assist the Court in understanding the current status of Remco, *ABC Brewing Corporation v. Commissioner of Internal Revenue*, 224 F.2d 483, 489 (9th Cir. 1955), suggests that Remco should be treated as a "dissolved de facto" corporation. In *ABC Brewing*, despite not filing a certificate of dissolution as required by California law, the court treated the corporation as "dissolved de facto" because all corporate operations had ceased and were transferred to others. *Id.* at 492. "Federal tax decisions and regulations treat the problem of corporate existence pragmatically rather than legalistically." *Id.* at 488. "[I]f it appears that the corporation is a corporation in name and semblance only, without corporate substance and serving no real corporate purpose, it must, though not formally dissolved, be treated as dissolved defacto." *Id.* (internal quotations omitted). The record before the Court demonstrates that Remco is a "corporation in name and semblance only," and thus the Court will treat Remco as a "dissolved de facto" corporation rather than a merely suspended corporation.

Causes of action may be enforced against a dissolved corporation "to the extent of its

---

[3] Plaintiffs assert that Remco was suspended due to a failure to file a statement of information pursuant to Section 1502 of the California Corporations Code. Plaintiffs' Motion at 5. According to *Palm Valley Homeowners Association, Inc. v. Design MTC*, 85 Cal. App. 4th 553, 560 (2001), a corporation suspended under Section 1502 of the California Corporations Code is disabled from participating in litigation, just as if it were suspended for failure to pay taxes. *See Grell v. Laci Le Beau Corporation,* 73 Cal. App. 4th 1300, 1306 (1999) ("During the period that a corporation is suspended for failure to pay taxes, it may not prosecute or defend an action."). However, "[a] suspended corporation may be sued, and service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended." *Id.*

5

undistributed assets, including, without limitation, any insurance assets held by the corporation that may be available to satisfy claims." Cal Corp Code § 2011. Since all of Remco's assets were sold and transferred, plaintiffs' argument hinges on whether or not any insurance assets are available to satisfy their claims. It is on this issue – the existence of any insurance assets – that the parties submitted supplemental briefs.

The Court has carefully reviewed the parties' supplemental filings. Defendants have conducted an exhaustive search for Remco insurance policies, and according to defendants, "[t]hat search has uncovered no evidence that Remco possessed any insurance policies that might provide coverage for Plaintiffs' claims for bodily injury or property damage arising from Remco's use and releases of hazardous substances at the former Remco plant in Willits, California, during the years 1988 through 1996." Defendants' Supplemental Brief at 1; *see also* Supp. Raushenbush Decl. ¶¶ 3-12 (describing search efforts); Gimovsky Decl. ¶¶ 1-11 (same). Defendants have located only two Remco insurance policies that each, consistent with the state of the liability insurance market at the time, contained an absolute pollution exclusion precluding coverage for plaintiffs' claims. *See* Gimovsky Decl., Ex. A, B.

Plaintiffs acknowledge that they have yet to discover any Remco insurance policy relevant to this action.[4] Instead, plaintiffs continue to insist that there is a theoretical possibility that some insurance policy exists somewhere that would cover plaintiffs' claims in this action. In this regard, plaintiffs have submitted the third amended complaint filed in February 1994 in *Jensen-Kelly Corp. v. Allianz Insurance Co.*, Case No. BC 069018 (Los Angeles Superior Court). The complaint lists Remco as a subsidiary of Pneumo Abex that might possibly be covered by their insurance policies. Defendants' reply argues that the *Jensen-Kelly* complaint refers to a separate corporate entity, "Remco I," which was incorporated in 1961 and merged out of existence in 1971. The *Jensen-Kelly* complaint did not refer to Remco II, which is a defendant in this case and which was incorporated in 1988. *See generally*

---

[4] The Court finds this admission particularly significant in light of the fact that plaintiffs' counsel is counsel of record in both the *Avila* and *Hernandez* cases against Remco.

6

Watson Decl. and exhibits thereto.[5]

After careful review of the parties' papers, the Court concludes that defendants have met their burden to show that Remco was joined as a sham defendant. Remco is a "dissolved defacto" corporation with no assets, including insurance coverage. *ABC Brewing,* 224 F.2d at 488. Accordingly, the Court holds that there is diversity jurisdiction, and DENIES plaintiffs' motion for remand.[6]

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiffs' motion for remand, DENIES plaintiffs' request for attorneys' fees, and GRANTS defendants' request for judicial notice. (Docket Nos. 14, 26).

**IT IS SO ORDERED.**

Dated: August 8, 2006

SUSAN ILLSTON
United States District Judge

---

[5] Plaintiffs suggest that by naming "Remco Hydraulics, Inc." as a defendant in this case that they have sued both Remco I and Remco II. However, as defendants note, the allegations of the complaint identify Remco II, not Remco I. *See* FAC ¶ 8. Moreover, to the extent plaintiffs wished to sue Remco I, that corporation was merged out of existence in 1971 when it was merged into Stanray Corporation and Stanray assumed all of Remco's obligations and liabilities. *See* Watson Decl. Ex. C. As set forth in the Gorman declaration attached as Exhibit 1 to the Watson declaration, there were a series of subsequent mergers, the final result of which is that defendants Whitman Corporation and Pneumo Abex LLC are the successors-in-interest to certain liabilities of Remco I. *See generally* Gorman Decl. Plaintiffs have already sued Whitman and Pneumo Abex in this action.

Plaintiffs also suggest that they may be able to obtain a judgment against Remco II from the directors of the corporation. *See* August 1, 2006 letter from plaintiffs' counsel. (Docket No. 48). Plaintiffs' complaint does not plead that they can "pierce the corporate veil" to reach Remco's directors, nor did plaintiffs assert this argument in their motion, reply, or supplemental papers. The Court will not consider this argument, and in any event, the Court limits its review of the propriety of removal to the face of plaintiffs' complaint.

[6] Alternatively, the Court finds that Remco is a nominal party whose citizenship does not need to be considered for purposes of diversity jurisdiction. *See Stonybrook Tenants Association Incorporated v. Alpert,* 194 F.Supp. 552, 560 (D. Conn. 1961) (holding two inactive, dissolving corporations were nominal parties because "[h]aving been liquidated and being without assets, they could not respond to plaintiff's claim of damages if established."); *see also Wallis v. Southern Silo Company, Inc.*, 369 F. Supp. 92 (N.D. Miss. 1973) (holding bankrupt corporation with no assets and no insurance coverage had no interest in the action because it could not respond to damages claim).