**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES NICKERMAN, et al.,                               No. C 06-2555 SI

        Plaintiffs,                                            **ORDER RE: DISCOVERY**

  v.

REMCO HYDRAULICS INC., et al.,

        Defendants.
                                    /

        Defendants have filed a motion to compel plaintiffs to provide substantive responses to defendants' first set of requests for production of documents and first set of interrogatories. Plaintiffs oppose the motion.[1] Defendants contend that plaintiffs' responses are insufficient because they fail to identify or produce responsive documents,[2] and instead raise a host of meritless objections. With respect to the interrogatories, defendants argue that plaintiffs raise the same deficient objections, and that the limited substantive information provided by plaintiffs is entirely unresponsive to the interrogatories.

        The Court has reviewed the discovery at issue, as well as plaintiffs' responses thereto, and concludes that plaintiffs' responses are wholly deficient. As just one example, defendants' Document Request No. 1 requests, "All DOCUMENTS in YOUR possession, custody or control concerning any testing and/or analysis of any water supply from which YOU have consumed water or with which YOU have had, or currently have, any contact." Def's Motion, Ex. A. Plaintiffs responded as follows:

        Objection, calls for compound response, is unduly burdensome, and oppressive. It also

---

[1] The parties' letter briefs are found at Docket Nos. 74-80.

[2] Plaintiffs identified specific documents only in response to one of the sixty-seven document requests.

>calls for Plaintiff to respond with impermissible subparts. Question is also vague and ambiguous. Plaintiffs object to the question to the extent that it calls for an expert opinion from a lay person and expert opinions which are premature at this stage and thus have yet to be disclosed. The request is overbroad and thereby unduly burdensome in that it seeks "any and all" facts, evidence and documents which "show" a broad area of inquiry. The documents sought by this request are all documents generated by Defendants and/or their predecessor, various government agencies, litigation in other related actions, court document and/or were produced by defendants. As such, the Defendants can and must undertake the burden of review and analysis of the documents identified and produced. Defendants can review these documents as easily as can Plaintiffs in an effort to ascertain responses to this question regarding the knowledge that Defendants had that releases of chemicals exposed the Plaintiffs' properties to such chemicals.
>
>Without waiving such objections: See all documents in the possession of my counsel, as well as all documents provided to you in the past in the *Avila* case and this matter. Discovery is continuing and Plaintiffs will seasonably amend these responses as more information becomes known.

*Id.*

Plaintiffs' objection – which plaintiffs incorporated in their responses to all of the other document requests – lacks merit for a number of reasons. This is a boilerplate objection that is not tailored to the specific request; contrary to the statements in the objection, the request does not ask for "any and all facts," or documents that "show" a broad area of inquiry. Instead, the request specifically asks for documents "concerning any testing and/or analysis of water supply" from which plaintiffs have consumed or had contact. Indeed, many of the document requests reference particular paragraphs of the complaint and are directed at uncovering the facts supporting the claims in the complaint. As such, plaintiffs' objection that the document requests are "vague and ambiguous" is patently without merit. Similarly, there is nothing about the document request that requires an expert opinion; defendants seek documents related to water testing or analysis. Plaintiffs' counsel can easily identify and produce any such documents.

More importantly, it is completely improper to direct defendants to masses of unspecified documents. It is incumbent on plaintiffs' counsel to diligently search for and provide to defendants all responsive documents in their possession, custody or control. Plaintiffs' counsel is well aware of the complexity of this litigation, and to require defendants to guess about which documents are responsive is irresponsible and unprofessional. This is especially true here in light of the fact that this case is the latest in a series of related tort actions that have been pending for many years and in which extensive

2

discovery has already been completed.

Plaintiffs' responses to the interrogatories are similarly deficient. Plaintiffs again raise frivolous objections, refer defendants to thousands of unspecified pages of documents, and, for some interrogatories, provide substantive responses that lack the specific details requested. For example, Interrogatory No. 6 states,

> For each Plaintiff asserting a claim for fraudulent concealment, IDENTIFY any and all facts, evidence and DOCUMENTS showing that either or both DEFENDANTS had knowledge before commencement of this action on December 23, 2004 that each such Plaintiff was exposed by DEFENDANTS' activities to a HAZARDOUS SUBSTANCE, as alleged in paragraphs 113 and 114 of YOUR COMPLAINT.

Def's Motion Ex. B. Plaintiffs responded, *inter alia*, by stating that the interrogatory is vague and ambiguous, calls for an expert opinion, and that the documents sought are all documents generated by defendants, various government agencies, and/or in litigation in other related action.

These objections are frivolous. The interrogatory is specific and directed at plaintiffs' claims for fraudulent concealment. The interrogatory does not call for an expert opinion, but rather the facts, evidence and documents showing defendants knew that their activities exposed plaintiffs to hazardous substances. Such information is within the knowledge of plaintiffs and/or their counsel. Finally, as with the document request discussed above, it is improper to refer defendants to thousands of unspecified pages of documents.

The Court GRANTS defendants' motion to compel and orders as follows. The Court STRIKES plaintiffs' deficient responses to the document requests and interrogatories, and ORDERS plaintiffs to provide amended responses by **April 30, 2007**. The amended responses shall not contain the meritless objections that were the subject of the instant motion to compel. In response to defendants' document requests, plaintiffs shall identify or produce responsive documents in their possession, custody or control, or they shall state that they do not have any responsive documents. In response to defendants' interrogatories, plaintiffs shall provide substantive answers that directly and specifically respond to the interrogatories at issue. If plaintiffs do not have responsive information, they shall affirmatively state so in their responses. Finally, plaintiffs shall not be permitted to amend their responses without first obtaining leave of Court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: April 5, 2007

SUSAN ILLSTON
United States District Judge